UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL R. TOLIVER,

    Petitioner,

    -v-

DALE ARTUS, Superintendent of
Wende Correctional Facility,

    Respondent.

11-CV-1051F
ORDER



---

Petitioner, Samuel Toliver, who was convicted in County Court, Erie County, State of New York on or about April 27, 2009, upon a plea of guilty to one count of Assault, First Degree, and is incarcerated at the Wende Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction on a number of grounds. Upon initial review of the petition, see Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, it appeared that, based on petitioner's representations in the petition, he still had pending in the state courts a motion to vacate his conviction pursuant to N.Y.C.P.L.R. § 440.10 and, therefore, may not have exhausted his state judicial remedies--a prerequisite to granting habeas relief. See 28 U.S.C. § 22554(b). (Docket No. 2, Decision and Order, at 1-2; Docket No. 1, Petition, ¶ 11.) The Court therefore issued an order directing petitioner, if he had not exhausted each of the claims raised in the petition, to advise the Court how he wished to proceed in light of the unexhausted claims.

Petitioner responded to the order by advising the Court that on March 1, 2012, his 440.10 motion had been denied by County Court Judge Kenneth Case and that his application for a certificate granting leave to appeal from the denial of that motion had been denied by the

Appellate Division, Fourth Department on May 22, 2012. (Docket Nos. 4-5.) Petitioner also noted that he had raised the claims raised in the petition on direct appeal to the Appellate Division, Fourth Department, either through counsel or his *pro se* supplemental brief, and, therefore, each of his claims raised in the petition had in fact been exhausted on direct appeal. (Docket No. 3.)[1]

Accordingly, IT IS HEREBY ORDERED:

**1.** Respondent shall file and serve an **answer** to the petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **October 31, 2012**. Further, the answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of, and documents relating to, such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in Court at issue now before this Court shall submit such records to respondent or the respondent's duly authorized representative.

---

[1] To the extent petitioner's initial response to the Court's initial order may have requested relief from the order pursuant to Fed.R.Civ.P. 60(b), it is denied as moot inasmuch as the Court is issuing an order at this time directing respondent to file an answer in response to the petition. At this time, the Court makes no determination regarding whether each of petitioner's claims are exhausted.

If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs and record on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

2. The Clerk of Court shall serve a copy of the petition, together with a copy of this order upon respondent Superintendent of Correctional Facility and upon the Office of the Attorney General, Federal Habeas Unit, 120 Broadway, 12th Floor, New York, New York 10271-0332. To advise appropriate County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of County.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

SO ORDERED.

DATED: 9/19, 2012
Buffalo, New York

_____
JOHN T. CURTIN
United States District Judge

3