UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL R. TOLIVER,

                Petitioner,

    -vs-

DALE ARTUS, Superintendent
WENDE CORRECTIONAL FACILITY

              Respondent.

_____

                               **DECISION AND ORDER**
                               **No. 11-CV-1051MAT**

## I.   Introduction

Petitioner Samuel R. Toliver ("Petitioner" or "Toliver") was convicted, upon a plea of guilty, of Assault in the First Degree (N.Y. Penal Law § 120.10[4]), and sentenced, as a persistent second felony offender, to fifteen years imprisonment.  By Decision and Order dated January 3, 2013, this Court denied Petitioner's application under 28 U.S.C. § 2254 for a writ of habeas corpus (Dkt. No. 28) (hereinafter "the habeas decision"), and judgment was entered on January 4, 2013 (Dkt. No. 19).  Toliver appealed the Court's habeas decision, and the Second Circuit dismissed the appeal in a Mandate issued on or about July 24, 2013 (Dkt. No. 25).

Petitioner now seeks reconsideration of the Court's habeas decision, pursuant to Fed. R. Civ. P. 60(b)(3), (6).  Dkt. No. 26.

For the reasons that follow, Petitioner's motion is denied.

## II.  The Motion is Untimely

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or

excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1) - (5). Subsection (6) allows a party to move for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Under Rule 60©, the timeliness of a Rule 60(b) motion depends upon which of 60(b)'s six distinct "[g]rounds for relief the movant invokes; that section provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment." Fed. R. Civ. P. 60©.

Petitioner filed the instant motion in this Court on January 14, 2014 (Dkt. No. 26),[1] one year and ten days after entry of the judgment from which he seeks relief, and thus beyond the one year period applicable to most motions brought under 60(b). Because petitioner has also explicitly invoked subsection (6), however, his motion appears to survive the one-year bar and requires the Court to consider, instead, whether the year and ten

---

[1]

Petitioner's motion is dated January 14, 2014, and was docketed in this Court on January 17, 2014 (Dkt. No. 26). Under the so-called "prisoner mailbox rule," a petitioner's motion is deemed to have been filed on the date he gave it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is deemed filed on the date that the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk," rather than the date it was received by the court clerk). The Court gives Petitioner the benefit of the earliest date, and deems it filed as of January 14, 2014.

day period between judgment and motion is a "reasonable time" within the meaning of 60©. The Court finds that it is not.

Determining whether a motion to vacate has been filed within a reasonable time "requires scrutin[izing] the particular circumstances of the case, and balanc[ing] the interests in finality with the reason for delay." Hom v. Brennan, 840 F. Supp. 2d 576, 581 (E.D.N.Y. 2011) (alterations in original) (internal quotation marks and citation omitted); see also DeWeerth v. Baldinger, 38 F.3d 1266, 1275 (2d Cir. 1994). Here, the Court liberally construes Petitioner's statement that he "did not discover or know of the [alleged] fraud until on or about September 28, 2010 and December 12, 2012" as an attempt to explain the delay in filing. Dkt. No. 26 at 2. This argument fails, however, given that both of these dates far precede both the issuance of the Court's habeas decision and Toliver's motion for reconsideration.

Accordingly, Petitioner's motion, made more than one year after this Court's entry of judgment and six months after the Second Circuit dismissed his appeal on July 24, 2013 is time-barred. Courts have found delays of one year and shorter to be unreasonably long in the context of Rule 60(b) motions. See, e.g., Moses v. United States, 97 CIV 2833, 2002 U.S. Dist. LEXIS 16799, 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (listing decisions that rejected 60(b) motions on timeliness grounds for delays ranging from ten to twenty months) (citations omitted).

Accordingly, the Court finds that Petitioner's motion is untimely.

## II.  Lack of Jurisdiction

Even if Plaintiff's motion was timely, the Court nonetheless lacks jurisdiction to address its merits.

Under the "law of the case doctrine," "[w]hen an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue." Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (alteration in original) (internal quotation marks and citation omitted). "This 'mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate,'" Id. (quoting Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010)), or "of issues that fall within the scope of the judgment appealed from . . . but not raised," ResQNet.com, Inc. v. Lansa, Inc., 828 F. Supp. 2d 688, 696 (S.D.N.Y. 2011) (alteration in original) (internal quotation marks and citations omitted); see also Fine v. Bellefonte Underwriters Ins. Co., 758 F.2d 50, 52 (2d Cir. 1985) ("Our previous ruling was the law of the case, and the district judge correctly found that it had no jurisdiction to review an appellate court's decision." (citation omitted)).

Here, the issues in Petitioner's motion for reconsideration, as discussed in more detail below, have already been litigated by virtue of the Second Circuit's dismissal of his appeal of this Court's initial habeas decision.  Accordingly, the issues raised in Petitioner's motion cannot be re-litigated in the instant proceeding.

## III. The Merits of the Motion

However, even if Petitioner's motion was timely and the Court had jurisdiction to entertain said motion, the Court would find it meritless.

### A.    Rule 60(b)(3)

Rule 60(b)(3) allows a party to seek relief from a final judgment for "fraud, . . . misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3).   Toliver maintains that "[t]he [habeas] judgment was obtained by fraudulent practice on the part of the Respondent" insofar as Respondent misrepresented that Petitioner did not properly file his *pro se* supplemental brief in the Appellate Division, Fourth Department.  Dkt. No. 26 at ¶ 2. He asserts that the habeas Court, in turn, "relied on [this] misinformation" (Id. at ¶ 4) and incorrectly determined that one of his ineffective assistance of counsel claims was unexhausted.[2]

---

[2]

That claim is as follows: "counsel failed to protect the most basic rights of his client, failed to inform [Petitioner] of the consequences of [the] plea, [and] threatened [Petitioner] [with] an extreme sentence if [Petitioner] did not plead guilty."  Dkt. No. 1 at ¶ 12B.

In the habeas decision, the Court determined that, to the extent the ineffective assistance of counsel claim at issue in the instant proceeding was record-based, it was unexhausted because Petitioner did not raise it on appeal. See Dkt. No. 18 at p 14-15. The Court made this determination based on the record on appeal submitted by the Respondent, which did not include a supplemental pro se appellate brief, but instead, included a letter from the Appellate Division to Petitioner returning his pro se supplemental brief because it did not comply with the court's procedural filing requirements. See Dkt. No. 18 at p 3. The Court notes that while Petitioner had indicated in his habeas Reply that he had filed a supplemental pro se appellate brief (Dkt. No. 15), he did not provide documentation or otherwise explain, as he does now, that his pro se appellate brief was timely filed with the Appellate Division. Further, the letter documentation he attached to his habeas Reply from attorney Susan Ministero concerned his appeal before the New York State Court of Appeals, and the Court addressed this in its habeas decision (Dkt. No. 18 at n.2). Dkt. No. 15.

In support of the instant motion, Petitioner now attaches a letter dated August 1, 2013 from the Appellate Division to Petitioner acknowledging that a pro se supplemental brief was indeed filed in his case on September 10, 2010. Dkt. No. 26 at Appendix A. He also attaches a copy of the pro se supplemental brief. Id. Thus, it appears that the Court, relying on the record

submitted by Respondent, improperly determined that the ineffective assistance of counsel claim at issue in the instant proceeding -- to the extent it was record-based -- was unexhausted because it had not been raised on direct appeal.   The Court, however, finds no basis to disturb its determination that habeas relief is not warranted with respect to the ineffective assistance of counsel claim at issue based on this Court's authority pursuant to 28 U.S.C. § 2254(b)(2) (see Dkt. No. 18 at n. 3), which substantively reviewed this claim under <u>Strickland v. Washington</u>,[3] and determined it lacked merit.   <u>See</u> Dkt. No. 18 at p 15-21. Additionally, the Court notes that it also reviewed on the merits and rejected Petitioner's remaining ineffective assistance of counsel claim (related to his guilty plea) and his related stand-alone claim that the trial court erred in denying his motion to withdraw his guilty plea on the basis that the plea was unlawfully induced or not made voluntarily.   Dkt. No. 18 at p 6-13, 15-21. After performing these merit-based reviews, the Court determined that habeas relief was not warranted with respect to each of these claims, and the Court finds no reason to reconsider those findings now.

**B.   Rule 60(b)(6)**

Plaintiff also asserts in the instant motion that the Court erred "when it denied [his] 'Mixed' Habeas Corpus petition without

---

[3]      466 U.S. 668 (1984).

first allowing him to pursue his unexhausted claims in the State Court." Dkt. No. 26 at ¶¶ 4-6.  Liberally construing Petitioner's *pro se* pleadings, the Court reads this portion of his motion as arising under Rule 60(b)(6), which provides that this Court may grant relief from a judgment or order for "any other reason that justifies relief."  Because subsection (6) is considered "a grand reservoir of equitable power," a proper case for Rule 60(b)(6) relief is limited to one of extraordinary circumstances, or extreme hardship.  Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012); Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004).  The Supreme Court has noted that the circumstances giving rise to Rule 60(b)(6) relief "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).  Petitioner's motion fails to meet either of these standards.

Here, the Court initially issued a Decision and Order setting forth the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(A). Dkt. No. 2.  In that Order, the Court alerted Petitioner that the information he had submitted was inadequate to permit the Court to evaluate whether he had met the exhaustion requirement with respect to the claims asserted in his petition, and advised him that he had four options with respect to any unexhausted claims, which were set forth, in detail in the Decision and Order.  Dkt. No. 2 at 1-5. Specifically, option three permitted Petitioner to ask the Court to stay the petition and hold it in abeyance to allow him to present

his unexhausted claims in state court and then return to federal court for his review of his petition once he had exhausted his state remedies. Id. at 3. The Court instructed Petitioner to advise the Court as to how he wished to proceed with respect to any unexhausted claims, and sent him a "§ 2254 Exhaustion Response Form" to do so. Id. at 5. The options language in the Decision and Order is nearly identical to the language contained on the response form provided by the Court.

Petitioner complied with this instruction and submitted the exhaustion response form provided to him by the Court with an "X" by option four, which states that:

> Petitioner is procedurally barred from raising some or all of his unexhausted claims. In order to permit the Court to properly evaluate the status of [his] claims, petitioner hereby provides the Court with the following information regarding why he may not still raise the claims in state court. (a) why the claim cannot be raised and therefore exhausted, (b) why petitioner failed to exhaust that claim when it could have been raised, and © describing what, if any prejudice petitioner has experienced as a result of the failure to exhaust his claim.

Dkt. No. 3 at 2-3. Given Petitioner's response, the Court ordered Respondent to answer the petition. Dkt. No. 7. At no time thereafter during the habeas proceeding did Petitioner seek to stay the petition.

Petitioner now complains that the Court "erred" in denying him the opportunity to stay the petition while he returned to state

court to exhaust the unexhausted claims in his petition. This argument fails for several reasons. First, the docket sheet in this case reflects that, on January 24, 2012, Petitioner clearly elected not to seek to stay his habeas petition. Dkt. No. 3 at 2-3. Second, he never subsequently sought a stay and abeyance. Finally, and perhaps most significantly, the Court reviewed and rejected on the merits <u>all</u> of Petitioner's habeas claims –- both exhausted and unexhausted. Accordingly, nothing in the pending motion supports a finding of extraordinary circumstances, or that leaving the prior decision undisturbed will result in extreme hardship.

## IV. Conclusion

Petitioner's motion, pursuant to Fed. R. Civ. P. 60(b)(3), (6), is denied (Dkt. No. 26). Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253 (c)(2), I decline to issue a certificate of appealability. <u>See, e.g.</u>, <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York,

within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

   **IT IS SO ORDERED.**


                              s/Michael A. Telesca
                              HONORABLE MICHAEL A. TELESCA
                              United States District Judge

DATED:     March 19, 2014
           Rochester, New York