```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

SAMUEL R. TOLIVER,

              Petitioner,

    -vs-

DALE ARTUS, Superintendent
WENDE CORRECTIONAL FACILITY,

              Respondent.

**DECISION AND ORDER**
**No. 1:11-CV-1051(MAT)**

_____

**I.   Introduction**

On January 3, 2013, this Court issued a Decision and Order [#18] denied the pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 sought by Samuel R. Toliver ("Petitioner"). Judgment [Dkt #19] was entered on January 4, 2013, and Petitioner filed a notice of appeal [Dkt #20] with the Second Circuit. On July 24, 2013, a Second Circuit mandate [Dkt #25] was filed in this Court denying Petitioner's request for a certificate of appealability and dismissing his appeal. On or about January 30, 2014, Petitioner filed a motion to vacate the judgment [Dkt #28], which this Court denied [Dkt #29]. Petitioner filed a notice of appeal [Dkt #30] as to that motion. On August 6, 2014, Petitioner filed a Motion to Vacate Judgment – Lack of Jurisdiction of Person (F.R.C.P. Rule 60(b)(4)) [Dkt #33] and a Motion for Declaratory Judgment [Dkt #34].

For the reasons discussed below, both motions are dismissed.

**II.  Motion to Vacate**

Rule 60(b) of the Federal Rules of Civil Procedure, properly applied, "strikes a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.3d 58, 61 (2d Cir. 1986) (citations omitted). The moving party bears the burden of proof and must convince the reviewing court that "exceptional circumstances" exist for vacating the judgment. United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). All Rule 60(b) motions must "be made within a reasonable time," FED. R. CIV. P. 60(b), and motions under Rule 60(b)(1), (2) and (3) must be made within one year after the judgment, id., 60(c). The Second Circuit also requires that the evidence in support of the motion be "highly convincing," Koticky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (quotation omitted); that the movant show good cause for the failure to act sooner, id. (citations omitted); and that no undue hardship be imposed on the opposing parties, id. (citation omitted).

In habeas corpus proceedings, Rule 60(b) is further limited by the restrictions placed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on the filing of second or successive applications under section 2254. See Gonzalez, 545 U.S. at 530-33. A post-judgment motion may only be treated as a proper request for relief under Rule 60(b) if it "relates to the integrity of the

federal habeas proceeding, not to the integrity of the criminal trial." Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004).

Pursuant to Rule 60(b), "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Petitioner specifies subsection (4) as the basis for his motion. "Pursuant to that rule, a movant may attack a judgment for lack of jurisdiction over his person at any time, since a judgment rendered without jurisdiction over the person (i.e., because of insufficient service of process) is void." Williams v. United States, Nos. 401CV089, 499CR241-01, 2009 WL 411511, at *1 (S.D. Ga. Feb. 18, 2009) (citing Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1368 (11th Cir. 1982)).

In particular, according to Petitioner, "the Summons and Complaint were never in fact served upon [ ] the plaintiff either personally or in any manner authorized by Rule 4 of the Federal Rules of Civil Procedure." Petitioner's Motion to Vacate at 1 [#33] He accuses "the [P]eople of the State of New York" of being "in violation of Rule 17(a)(1) [which] states in Designation in General. An action must be prosecuted in the name of the real party in interest." Id. Petitioner concludes that his "conviction is void[.]" Id. at 2.

This Court has jurisdiction over Petitioner's § 2254 petitioner challenging his New York state judgment of conviction. See McCool v. New York State, 29 F. Supp.2d 151, 158 (W.D.N.Y. 1998) ("[A] federal habeas claim attacking a state conviction is properly brought in any district court of the state whose sentence is challenged.") (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498-99 (1973)). It defies logic for Petitioner to claim lack of personal jurisdiction when he is the party who invoked the Court's jurisdiction in the first place by filing his habeas petition.

Moreover, service of the petition upon Petitioner was not a prerequisite to this Court's jurisdiction over his person. To effect service, upon a filing party, of the same document that the party has filed "would be needlessly duplicative and a waste of resources." Williams, 2009 WL 411511, at *1. Accordingly,

Rule 3(b) of the Rules Governing § 2254 Proceedings requires only that the court clerk, upon receipt of the petition, file it and enter it on the docket.  Then, under Rule 4 of the Rules Governing § 2254 Proceedings, the clerk "must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved."  There is no requirement, in the Rules or otherwise, that the petitioning party be served with a copy of his own habeas petition.

In his memorandum of law, Petitioner invokes various unrelated laws and statutes, such as maritime law; the Emergency Banking Act; and Dred Scott v. Sandford, 60 U.S. 393 (1856), superseded by constitutional amendment (1868). The theme of Petitioner's allegations is that the courts do not have personal jurisdiction over him because he is not a "subject" of the United States Government, and therefore all convictions and judgments against him are void. These arguments are frivolous and lacking in any legal or factual basis.

**III. Motion for Declaratory Judgment**

In his motion for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2201, Petitioner repeats his allegations that the courts lack jurisdiction over him. He accuses the "attorneys in the office of the State of New York also United States attorney for the Western District of New York [of] having evaded core constitutional questions, having failed to address the character and jurisdiction

of the Internal Revenue Service, application of internal Revenue Code Taxing authority, etc., in all forums, but instead having relied on accommodation of judicial officers in the United States District Courts. . ." Petitioner's Motion for Declaratory Judgment at 1-2. The relief he seeks is $25 million "or order the release of plaintiff from the New York State Department of Correction and Community Supervision, or REMAND of the case to the Buffalo County Supreme Court of the Western District of New York to prove if a contract exist[s] between plaintiff, the Courts, and the attorneys office where the trial causes were conducted in non-compliances [sic] with the provisions of Article III." Id.

"The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, . . . provides that a court 'may declare the rights . . . of any interested party,' and contemplates that district courts will exercise discretion in determining whether to entertain such actions," State Auto Ins. Companies v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) (internal citations omitted). This statute has been characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (internal quotations omitted).

Assuming *arguendo* that Petitioner has stated an actual case or controversy as required by 28 U.S.C. § 2201(a), thereby giving this Court has jurisdiction over his request for declaratory judgment,

the Court finds that it must decline to entertain the request. Petitioner's argument that he only can be prosecuted for crimes in New York state courts if a contractual relationship exists between him and the judiciary presents an "indisputably meritless legal theory" which is "predicated on clearly baseless factual contentions." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**IV. Conclusion**

For the foregoing reasons, Petitioner's Motion to Vacate [Dkt #33] and Motion for Declaratory Judgment [Dkt #34] are both **denied with prejudice**. The Court hereby certifies that any appeal from this Decision and Order would not be taken in good faith, and accordingly denies Petitioner leave to appeal in forma pauperis. The Court also finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right, see, 28 U.S.C. § 2253(c)(2), and therefore declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   August 25, 2014
         Rochester, New York